# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In Re:

CHRISTIAN E. SANON  
LOUISE MARIE SANON ,

    Debtors.  
_____/

Case No. 8:13-bk-06282-MGW

Chapter 7

## MOTION FOR RELIEF FROM STAY
## FILED BY WELLS FARGO BANK, N.A.

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date set forth on the proof of service attached to this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 801 N. Florida Ave., Tampa, FL 33602, and serve a copy on the movant's attorney Alison Verges Walters, Esq., P.O. Box 707, Tampa, Florida 33601-0707, and any other appropriate persons.**

**If you file and serve an objection within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the objection and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Creditor, WELLS FARGO BANK, N.A., D/B/A WELLS FARGO AUTO FINANCE (hereinafter "Creditor"), by its undersigned attorneys, hereby moves this Court for entry of a Final Order granting relief from stay as to property of the above-named Debtors' estate and in support thereof would show:

1. This is a Motion to obtain a Final Order granting relief from automatic stay under §362(d) of the Bankruptcy Code.

2. The Debtors filed the original petition under Chapter 7 of the Bankruptcy Code. To the extent issues concerning exemptions and abandonments are not resolved, all parties in interest, including the Debtors' attorney, and the Trustee are being served with copies of the Motion.

3. For value received, the Debtors executed and delivered a Retail Installment Sale Contract as evidence of an indebtedness to the Creditor. A copy of the loan documents is attached hereto.

4. Said indebtedness is secured by property more particularly described in the parties' agreement as **2013 KIA FORTE, VIN: KNAFU4A29D5721882**.

5. The Creditor is the present owner and holder for value of the contract, and holds a perfected lien on the collateral.

6. The Creditor is owed $16079.70, plus accrued interest thereon as of the date of the petition.

7. The Debtors defaulted under the terms of the agreement with the Creditor by failing to make the payments due as specified in the Affidavit attached hereto.

8. The Debtors, and the estate, have made no offer of adequate protection to the Creditor, who lacks adequate protection.

9. By virtue of the Debtors' continued use of the collateral without payments to the Creditor, the collateral is diminishing and decreasing in value and continues to do so.

10. Pursuant to the terms of the agreement the parties agreed that the Debtors, as borrowers, would pay a reasonable attorneys' fee, plus all court costs. The Creditor has retained the

undersigned attorneys and agreed to pay them a reasonable fee for their services rendered in connection herewith.

11. The foregoing facts constitute cause for relief from the automatic stay pursuant to 11 U.S.C. 362(d).

12. All conditions precedent to the relief demanded herein have been performed or have occurred.

13. The Creditor believes that the 14 day stay period set forth in Bankruptcy Rule 4001(a)(3) is not applicable in this case, and requests the Court to waive the 14 day stay so that the Creditor may immediately enforce and implement any Order granting the relief requested herein.

14. The stay should be lifted to allow the movant to exercise its contractual, state and common law remedies relating to the collateral, including authorization to give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sale of the collateral.

WHEREFORE, Creditor requests the Court enter an Order (1) granting relief from the automatic stay *in rem* to permit Creditor to take possession of the subject collateral, (2) waiving the 14 day stay period under Rule 4001(a)(3) so as to permit the Creditor to immediately enforce the relief requested herein, (3) allowing the movant to exercise its contractual, state and common law remedies relating to the collateral, including authorization to give all notices and take such action

as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sale of the collateral, and (4) for such other and further relief as is just and proper.

/s/ALISON VERGES WALTERS, ESQ.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DAVID E. HICKS, ESQ.
Fla. Bar No. 0368245
ALISON VERGES WALTERS, ESQ.
Fla. Bar No. 0679402
DENNIS LeVINE & ASSOCIATES
P.O. Box 707
Tampa, FL 33601-0707
813-253-0777
813-253-0975 (fax)
E-mail: Alison@bcylaw.com
Attorneys for WELLS FARGO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Lift Automatic Stay with all attachments has been furnished either by electronic or standard first class mail to the parties listed below on this 3RD day of June, 2014.

/s/ALISON VERGES WALTERS, ESQ.
ALISON VERGES WALTERS, ESQ.

Christian E. Sanon and Louise Marie Sanon
PO Box 30224 / USF
Holly Drive, FL 33620

Christie D. Arkovich, Esq.
1520 W. Cleveland St.
Tampa, FL 33606

Beth Ann Scharrer, Trustee
P.O. Box 4550
Seminole, FL 33775-4550